### (June 25, 1979)

■ ADA ASKEW, Respondent, v CITY OF NEW YORK, Appellant.—In a medical malpractice action, the defendant appeals from an order of the Supreme Court, Kings County, dated July 24, 1978, which granted the plaintiff's motion for reargument and upon reargument vacated the order which had denied the plaintiff's motion to, *inter alia,* hold that a notice of claim was timely served and granted said motion to the extent of holding that the notice of claim was timely served. Order modified, on the law, by deleting therefrom everything following the words "this motion for reargument is granted" and substituting therefor the following: "and upon reargument the original determination is adhered to". As so modified, order affirmed, without costs or disbursements. The plaintiff bases her claim against defendant on allegedly negligent medical treatment she received in its clinic on February 28, 1972. The defendant pleaded the affirmative defense that service of plaintiff's notice of claim on July 18, 1972 was untimely under section 50-e of the General Municipal Law as not being within 90 days after her claim arose. Thereafter plaintiff moved to strike this affirmative defense or, in the alternative, for a declaration that her notice of claim was timely served. This motion was denied by Mr. Justice Heller, who subsequently retired from the bench. Later, plaintiff moved, *inter alia,* for reargument and that motion was heard by Mr. Justice Morton who granted reargument and upon reargument vacated the prior order and granted the original motion to the extent of holding that the notice of claim was timely served. The plaintiff's notice of claim was not timely served since a cause of action for medical malpractice accrues at the time the act occurs, as a general rule, and not at the time of its discovery. True, the finding of a foreign object inside a person, or the receiving of continuous treatment from a hospital or its physicians may afford the basis for a later accrual date (see *Matter of Smalls v New York City Health & Hosps. Corp.,* 44 NY2d 398, 414-415), but such was not the case here. The original motion was properly denied by Mr. Justice Heller, and his determination should be adhered to. Rabin, J. P., Gulotta, Martuscello and Mangano, JJ., concur.